**F I L E D**
CLERK, U.S. DISTRICT COURT

Oct 15, 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ pd _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VINCENT DAMOND COCKERHAN,<br><br>　　　　Defendant. | No.  8:25-cr-00209-FWS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 841(a)(1), (b)(1)(C): Distribution of Cocaine; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm; 21 U.S.C. § 853, 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about August 9, 2024, in Orange County, within the Central District of California, defendant VINCENT DAMOND COCKERHAN knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about August 15, 2024, in Orange County, within the Central District of California, defendant VINCENT DAMOND COCKERHAN knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about September 12, 2024, in Orange County, within the Central District of California, defendant VINCENT DAMOND COCKERHAN knowingly possessed a firearm, namely, a Taurus model PT740 Slim, .40 caliber handgun, bearing serial number SIW08293, in and affecting interstate and foreign commerce.

Defendant COCKERHAN possessed such firearm knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number NA083396, on or about October 5, 2009;

2.    Petty Theft with Prior Conviction, in violation of California Penal Code Section 666, in the Superior Court of the State of California, County of Los Angeles, Case Number NA084444, on or about January 19, 2010;

3.    Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of California, County of Orange, Case Number 10HF0764, on or about September 9, 2010;

4.    Attempted Grand Theft, in violation of California Penal Code Sections 664 and 487(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA086799, on or about January 13, 2011; and

5.    Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California,

3

County of Los Angeles, Case Number NA088938, on or about July 14, 2011.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction under Counts One or Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

a.    All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

b.    All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

c.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs 2(a), and (b), above.

3.    Pursuant to Title 21, United States Code, Section 853(p), defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_____/s/_____
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

_____ for _____

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Orange County
Office

ROSALIND WANG
Assistant United States Attorney
Orange County Office

7